**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 8 EAP 2019
:
              Appellee : Appeal from the Judgment of the
: Superior Court entered on Oct. 28,
: 2018 at No. 250 EDA 2018 reversing
         v. : the Order entered on Dec. 14, 2017
: and remanding to the Court of
: Common Pleas, Philadelphia County,
ELWOOD SMALL, : Criminal Division at No. CP-51-CR-
: 0521601-1982.
              Appellant :
: SUBMITTED: November 18, 2019


*CONCURRING AND DISSENTING OPINION*


**CHIEF JUSTICE SAYLOR**                    **DECIDED:  October 1, 2020**

I join Parts I, II, and III(B) of the majority opinion and support the outcome.  I respectfully differ, however, with the majority's decision, in Part III(A), to overrule this Court's longstanding precedent establishing and maintaining a presumption that materials that are available in public records could be discovered via a diligent inquiry.

I continue to believe this presumption reflects a reasonable interpretation of Section 9545(b)(1)(ii)'s requirement that, to implicate the relevant exception to the PCRA's one-year time bar, newly-discovered facts "could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. §9545(b)(1)(ii).  Clearly, the Legislature's prescription for diligence demonstrates its intention to incorporate a form of constructive notice into the statute, and I fail to see how an interpretation recognizing that, as a general rule, matters of public record can be discovered through a diligent inquiry distorts this

legislative design or frustrates the legislative purpose. *See* Majority Opinion, *slip op.* at 24-25.

That said, I favor several refinements to the presumption, in that I believe its application should depend, in the first instance, on whether inquiry should have been focused on the relevant subjection matter. *Accord Saint John's University, New York v. Bolton,* 757 F. Supp. 2d 144, 192 (E.D.N.Y. 2010) ("New York courts impute knowledge of the contents of a public record to a party when the party has actual knowledge of facts giving it reason to believe that it has an interest in the contents of the records, and a reasonably prudent person with such an interest would investigate those records if given an opportunity to do so."). Additionally, to the degree that some of this Court's decisions portray the presumption as irrebuttable, I would also support an adjustment reflecting that a petitioner should be permitted to rebut the presumption by demonstrating why, although relevant materials are matters of public record, he nevertheless exercised diligence but could not discover them.